CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 14 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. OWLFEATHER-GORBEY, | CASE NO. 7:17CV00152 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JUDGE JACKSON L. KISER, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Michael S. Owlfeather-Gorbey, a federal inmate proceeding pro se, filed this civil rights action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Gorbey sues three federal judges, a prosecutor, and numerous federal prison officials, alleging that they have conspired to place and keep him in segregated housing at the United States Penitentiary in Lee County ("USP Lee") and to have his past civil actions dismissed, among other things. Gorbey has applied to proceed in forma pauperis. Upon review of the record, the court finds that Gorbey does not qualify to proceed in forma pauperis under 28 U.S.C. § 1915(g) and that this case must be summarily dismissed accordingly.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay court filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Gorbey has brought such actions or appeals on three or more prior occasions. See Owlfeather-Gorbey v. Jackson, No. 2:16-cv-00551, slip op. at 4 (E.D. Va. Sept. 22, 2016) (dismissed for failing to state a claim); Gorbey v. The State of Virginia, No. 2:11-cv-00164, slip op. at 4 (E.D. Va. Mar. 17, 2011) (dismissed for failing to state a claim); Gorbey v. United States, No. 2:08-cv-00121, slip op. at 3-4 (N.D. W.Va. July 7, 2010); see, e.g., Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 5:11-cv-00126, slip op. at 5-10 (N.D. W.Va. Mar. 14, 2012) (M.J., Seibert) (listing 25 cases that qualify as strikes under § 1915(g)). Accordingly, Gorbey may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. § 1915(g).

In his complaint, Gorbey repeatedly alleges, without stating any facts, dates, or details in support, that the defendants have conspired to place in him "imminent danger extreme prison conditions and or significant hardships." (Compl. 1, ECF No. 1.) He complains that various defendants have, in the past: "manipulated" or wrongfully dismissed his prior civil actions; fabricated disciplinary charges against him that have delayed or impeded his transfer; held him in "water flooded cells" with "overflowing toilets;" committed or failed to prevent unspecified staff "misconduct" or "retaliations" against him; "tr[ied] to ar[r]ange assaults or death for Gorbey by trying to place him in cells with inmates of different housing status;" imposed "hours of umbilical [sic] restraints hurting his wrists and an[k]les;" denied him "proper-timely medical treatments and or medications;" and made him "climb to top bunks irrespective of hi[s] lower

bunk medical status repeatedly causing pain and injuries." (Id. at 2-5.) Gorbey states that "just being at USP Lee is an imminent danger."[1] (Id. 6.)

Gorbey's list of past, undated events, with no specification of injuries suffered or likely to occur, is simply insufficient to show that at the time Gorbey filed his complaint, he was in imminent danger of any serious physical injury related to the named defendants within the meaning of § 1915(g). See Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (noting that prisoner must be seeking relief from and demonstrate a danger that is imminent at the time of filing the complaint); Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009) (noting that to qualify for imminent danger exception under § 1915(g), the complaint must reveal a nexus between the imminent danger it alleges and the claims it asserts). Gorbey has not alleged, nor can the court find, any respect in which having his past civil actions dismissed placed him in any danger of physical harm. Finally, his repeated reliance on the phrase "imminent danger" is nothing more than a label or conclusion that the court need not accept as factual support for his claims. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (finding "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation omitted).

---

[1] Gorbey has also tried to incorporate, generally, unspecified incidents described in several past civil actions he has filed. The court declines this invitation and will decide this case only on the allegations stated in this action. In any event, occurrences mentioned in conclusory fashion in this case are strikingly similar to those Gorbey describes in one prior lawsuit, Gorbey v. Bowles, No. 78:16-cv-00522; the court dismissed that case on December 6, 2016, upon finding that its allegations did not show any imminent danger of serious physical harm.

Because the records reflect that Gorbey has at least three "strikes" under § 1915(g) and he has not demonstrated that he was in imminent danger of physical harm when filing this complaint, the court denies Gorbey the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of April, 2017.

/s/ Conrad
Chief United States District Judge