CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL S. OWLFEATHER-GORBEY, | ) | CASE NO. 7:17CV00152 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JUDGE JACKSON L. KISER, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Michael S. Owlfeather-Gorbey ("Gorbey"), a federal inmate proceeding pro se, filed this civil rights action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). By opinion and order entered April 14, 2017, the court found that Gorbey did not qualify to proceed in forma pauperis under 28 U.S.C. § 1915(g) and summarily dismissed the case without prejudice. Gorbey now moves for reconsideration of that ruling, for the court's recusal, and to consolidate and reconsider several of his past cases that were also dismissed. Finding no good cause, the court must deny all of these motions.

First, Gorbey states no ground for recusal here. A judge must recuse himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1) (2012). The "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" Belue v. Leventhal, 640 F.3d 567, 572 (quoting Liteky v. United States, 510 U.S. 540, 545 (1994)). "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" id. at 573 (quoting Liteky, 510 U.S. at 555), "'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible,'" United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky, 510 U.S. at 555). This court has no personal bias or prejudice against Gorbey. In fact,

the court has no personal knowledge of him outside the borders of this case. Accordingly, the court will deny Gorbey's motion for recusal as frivolous and malicious.

The court also finds no ground to alter or amend the order dismissing this case under § 1915(g), based on the fact that Gorbey has had many prior lawsuits dismissed as frivolous, malicious, or for failure to state a claim. In addressing the complaint and whether Gorbey had alleged facts showing imminent danger of physical harm so as to qualify to proceed without prepaying the filing costs for this action, the court specifically declined to incorporate facts alleged in any of his previously filed, closed civil actions about past events. The court also declines to do so now on a motion for reconsideration. The court also finds no justification for consolidating this closed action with other closed cases, many of which were also dismissed under § 1915(g) for failure to show imminent danger.

Finally, Gorbey claims in this motion that his complaint itself showed that he faced imminent danger of serious physical harm. The court cannot agree. As stated, to qualify to proceed without prepayment under § 1915(g), Gorbey must show that he was in imminent danger of serious physical injury related to the named defendants at the time he filed the civil action. See Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (noting that prisoner must be seeking relief from and demonstrate a danger that is imminent at the time of filing the complaint); Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009) (noting that to qualify for imminent danger exception under § 1915(g), the complaint must reveal a nexus between the imminent danger it alleges and the claims it asserts). Gorbey's repeated reliance on such boilerplate phrases as "denial of proper timely medical treatment" and "imminent danger" "are merely "labels and conclusions" that are not factual allegations entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, to meet the standard under

§ 1915(g), Gorbey must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006).

Gorbey simply fails to meet this standard. At the most, he states in a conclusory manner that he has been "suffering flooded toilets [and] lack of ventilation" for two months and "denial of proper timely medical treatment" for unspecified medical problems since July 2016. Gorbey also has not alleged any imminent or serious physical harm likely to follow from these vaguely described situations. Finding no ground for the relief requested, the court must deny his motion for reconsideration of the dismissal of this action under § 1915(g). An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 9th day of May, 2017.

_____
Chief United States District Judge